UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| STEPHEN T. PEROSKY, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| vs. | ) | CAUSE NO. 3:16CV618-PPS |
| MERRILLVILLE POLICE DEPARTMENT, et al., | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Stephen T. Perosky, a pro se prisoner, filed a complaint alleging that Merrillville Police Officers used excessive force while arresting him on July 18, 2011. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. §1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under §1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Perosky signed his complaint on September 9, 2016, more than five years after his claims arose. Although the statute of limitations is an affirmative defense, dismissal is appropriate where the complaint makes clear that the claims are time-barred. *Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674 (7th Cir. 2009). Indiana's two-year

limitations period applies to this case. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Therefore, these claims are untimely.

Though it is usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint[,] that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass'n*, No. 633 Fed. Appx. 346, 348 (7th Cir. Feb. 3, 2016) (quotation marks omitted). *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013) and *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Here, the complaint was filed more than three years after the statute of limitations expired and it is legally frivolous to file suit so long after the deadline has expired.

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: September 21, 2016

   /s/ Philip P. Simon
CHIEF JUDGE
UNITED STATES DISTRICT COURT